## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. GALL | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| WELTMAN, WEINBERG & REIS CO., L.P.A. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1. Plaintiff John A. Gall ("Gall") brings this action for damages against Defendant Weltman, Weinberg & Reis Co., L.P.A. ("WWR") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices. In violation of the FDCPA, WWR used false, deceptive or misleading means in connection with the collection of debts by utilizing a method for assessing attorney fees against Gall that was not authorized by contract or law and by misrepresenting the debts allegedly owed in state court complaints by failing to disclose or making misleading statements about the amount or method of determining attorney fees. Gall requests actual and statutory damages payable by WWR.

## JURISDICTION/VENUE

2. This Court has jurisdiction. 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Gall resides here and WWR transacts business here.

## PARTIES

4. Gall resides in Allegheny County, Pennsylvania and is a consumer as defined by the FDCPA.

5. WWR is a law firm with its principal place of business in Cleveland, Ohio. WWR is a debt collector as defined by the FDCPA.

## FACTS

6. Gall allegedly incurred a debt as defined by the FDCPA – namely a Discover Bank credit card that was used for personal, family or household purposes.

7. WWR, on behalf of Discover filed an amended complaint against Gall in the Court of Common Pleas of Allegheny County, Pennsylvania at Case No. AR-12-1721 on September 24, 2012.

8. In paragraph twenty of the amended complaint; WWR alleges Gall is liable for liquidated attorney fees in the amount of $125.00.

9. The standard credit card agreement issued by Discover Card does not provide for a liquidated attorney fee.

10. WWR's request for a liquidated attorney fee is a false representation of the amount of the alleged debt in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10). In addition, WWR violated 15 U.S.C. § 1692f and 1692f(1) by seeking to collect a debt from Gall that was not expressly authorized by an agreement or permitted by law.

11. Gall never agreed to pay a liquidated attorney fee.

12. WWR cannot produce a writing where Gall agreed to pay a liquidated attorney fee.

13. WWR unilaterally changed the terms of the alleged agreement between Gall and Discover Card.

14. On information and belief, Discover charged off the subject account on August 31, 2011.

15. On information and belief, Discover did not send any billing statements to Plaintiff after it charged off the subject account. .

16. Discover alleged in paragraph 17 of its amended complaint that it is entitled to continuing finance charges on any unpaid balances.

17. Charge off means that the credit card receivable is no longer carried on the bank's books as an asset. Under federal regulations, a bank must charge off a credit card receivable after it has been delinquent 180 days; it may charge it off sooner. Federal Financial Institutions Examination Counsel, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

18. As a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after charge off for as long as the banks hold the debts.

19. Among other reasons for this practice, banks did not, and do not, want to increase the amount of bad debts on their books, for regulatory reasons.

20. Prior to February 22, 2010 (when the regulation was amended), banks were required to issue periodic statements on an account until the bank "[deemed] it uncollectible," or instituted legal proceedings. 12 C.F.R. § 226.5(b)(2). The addition of interest could be construed as meaning the debt was not deemed uncollectible. See 26 C.F.R. § 1.6050P-1. Most banks prudentially did not add interest to charged off debts.

21. As amended, 12 C.F.R. § 226.5(b)(2) now requires banks to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R. § 226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account..."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

22. The Defendant alleges in the compliant that it is entitled to continuing finance charges. This statement is false and misleading and is an unfair practice in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10) and 1692f(1).

23. Defendant engages in the practice of adding finance charges after Discover has waived the finance charges. Specifically, Defendant alleges finance charges are owed for the period between charge off and the completion of the debt collection lawsuit.

## CAUSE OF ACTION
## COUNT I
## VIOLATION OF THE FDCPA

24. Gall incorporates by reference all of the above paragraphs.

25. WWR's actions constitute a violation of the FDCPA including, but not limited to, each and every one of the above cited sections.

26. As a result of WWR's violations of the FDCPA, Gall is entitled to actual damages, statutory damages in an amount up to $1,000 and reasonable attorney fees and costs.

**WHEREFORE,** Gall prays that this Court:

A. Enter judgment against WWR for actual damages, statutory damages, costs and reasonable attorney fees.

B. Grant such further relief as deemed just.

Respectfully Submitted,

**JEFFREY L. SUHER, P.C.**

/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa.I.D. #74924
4328 Old Wm. Penn Hwy., Ste. 2J
Monroeville, PA 15146
(412) 374-9005
(412) 374-0799 (fax)

jsuherlaw@me.com